**Mie Qing HUANG, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

**No. 04–4740–AG NAC.**

United States Court of Appeals, Second Circuit.

April 3, 2006.

Gang Zhou, New York, New York, for Petitioner.

Drew H. Wrigley, United States Attorney for the District of North Dakota (Janice M. Morley, Assistant United States Attorney), Fargo, North Dakota, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mie Qing Huang, through counsel, petitions for review of the BIA's order affirming the decision of an immigration judge ("IJ") that denied Huang's claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Huang alleges that she was persecuted in China because of her involvement with Falun Gong. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003).

The IJ found Huang not credible based on the inconsistencies between her testimony and her airport interview concerning how and with whom she distributed Falun Gong literature, and the inconsistency between Huang's testimony and her credible fear interview concerning when she

learned about the ban on Falun Gong. Huang testified that, during the ten days she distributed and sold Falun Gong literature, she was alone and that her friend who gave her the materials was at a different place. Huang also stated that she did not use a booth to distribute and sell the materials, but, rather, that she just stood in the street and "put the books on the floor and [held] the leaflet." In her airport interview, however, Huang stated that, in order to "help give out" Falun Gong materials, she "went with her [friend] and set up a stand to sell books on [Falun Gong] and give out applications." Moreover, Huang testified that when she was selling and distributing Falun Gong literature, she knew that the government had already banned Falun Gong. During her credible fear interview, however, Huang stated that the first time she realized Falun Gong was illegal was after she had finished selling Falun Gong materials and had gone to visit friends in Guangxi province. Further, she stated during the interview, that if she had known that Falun Gong was illegal, she would not have sold Falun Gong books.

The inconsistencies the IJ identified go to the heart of Huang's claim and alone suffice to support the IJ's decision. *See Secaida–Rosales*, 331 F.3d at 308. Because Huang has been found to be incredible, she cannot demonstrate a well-founded fear of persecution. *See Ramsameachire*, 357 F.3d at 178. Moreover, since Huang did not raise her CAT and withholding of removal claims before the BIA, and she does not raise them here, her claims are both unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).